# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY P. O'LAUGHLIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19-CV-204-JMB |
| MICHAEL A. BERT, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Timothy P. O'Laughlin, currently confined at Springfield Medical Center for Federal Prisoners, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit in support of his request to proceed without prepaying the filing fee. A review of plaintiff's financial information indicates an average monthly deposit of $30.00 in his prison account. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.00, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, an inmate at Springfield Medical Center for Federal Prisoners in Springfield, Missouri, brings this action under 42 U.S.C. § 1983 alleging defendant Michael Bert violated

plaintiff's constitutional rights.[1] Plaintiff alleges defendant Bert was the St. Louis County Prosecutor from 2005 through 2006.

For the basis of his claim, plaintiff states he was unlawfully arrested and incarcerated and subject to "selective prosecution" on November 27, 2006. As to the facts that support these claims, plaintiff states as follows:

> PROSECUTOR; MICHAEL A. BERT, ATT'S. PUB. DEF. OFF.: MISS SCHULTZ; REBECCA-BARBE PICKET; PAUL YARNS; NANCI MCCARTHY: 03/25/2005 THRU 11/27/2006; S.L. COUNTY MO 63105. ALLOWED ABUSES, DUE PROCESS/CIVIL RIGHTS VIOLATIONS, ERRORS/MISREPRESENTATION. HON. JUDGE JOHN KINTZ: ALLOWED A PLEA BARGAIN TO OCCUR IN A HALLWAY, WAS NOT VOLUNTARY, NOT IN OPEN COURT, NOT RECORDED BY THE COURT ROOM REPORTER (STENOGRAPHER) (ALL ON RECORD) WAS NOT "CHECKLISTED" BY THE JUDGE HON. JOHN KINTZ AS IF TO VERIFY IF I "TIMOTHY OLAUGHLIN" UNDERSTOOD MY RIGHTS TO THAT OF THE PLEA BARGAIN AND TO NOT SIGN THE FORM BY MYSELF AND BY THE JUDGE. ALLEGED VICTIMS [NOT PRESENT].

For damages, plaintiff seeks $120 million in actual damages and $20 million in punitive damages. In addition to these, plaintiff seeks "damages awarded to the F.B.I. NCIC record inquiry run date on 04/10/2012, F.B.I. St. Louis Office" and an expungement of his arrest record.

**Discussion**

Plaintiff's complaint is legally frivolous as to defendant Michael A. Bert because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

---

[1] Plaintiff has filed his case on a civil complaint form from the United States District Court for the Western District of Missouri. The civil complaint form is titled "Complaint Pursuant to 28 U.S.C. § 1331." Section 1331 is a jurisdictional statute, which provides that the district courts shall have original jurisdiction over all cases involving a federal question. This case is properly brought under 42 U.S.C. § 1983, because it seeks monetary damages for alleged violations of plaintiff's constitutional rights. The Court will construe plaintiff's complaint as being brought under § 1983.

Prosecutors are absolutely immune from civil rights actions. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). As a result, this action must be dismissed under 28 U.S.C. § 1915(e).

Furthermore, plaintiff seeks damages for alleged constitutional violations that occurred in 2005 and 2006. Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is untimely and has been brought against a defendant who absolutely immune from suit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of February, 2019.

                                                RODNEY W. SIPPEL
                                               UNITED STATES DISTRICT JUDGE